# EXHIBIT A

Electronically Filed
10/16/2020 10:38 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**Eric Roy, Esq.**
Nevada Bar No. 11869
**Michael T. Nixon, Esq.**
Nevada Bar No. 12839
**ERIC ROY LAW FIRM**
703 South Eighth Street
Las Vegas, Nevada 89101
T: (702) 423-3333
F: (702) 924-2517
eric@ericroylawfirm.com
*Attorney for Plaintiff*

CASE NO: A-20-823171-C
Department 1

# DISTRICT COURT
# CLARK COUNTY, NEVADA
*****

| | |
|---|---|
| SAMUEL JENKINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, LLC, a foreign Limited-Liability Company; DOES I through X; DOE EMPLOYEES I through X; DOE STORE MANAGERS I through X; and ROE; CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO:<br><br>DEPT NO: |

## COMPLAINT

COMES NOW Plaintiff, SAMUEL JENKINS, by and through his attorneys of record, Eric Roy, Esq. and Michael T. Nixon, Esq. of the Eric Roy Law Firm, and as for his Complaint against Defendant above-named, and each of them, and for his causes of action, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to N.R.S. 3.010 and Nevada Constitution, Article VI, Section 6.

2. This Court is the proper venue pursuant to N.R.S. 13.040.

3. That at all times relevant to this action, Plaintiff, SAMUEL JENKINS (hereinafter "SAMUEL") was and is a resident of the County of San Bernardino, State of California.

4. That upon information and belief, and at all relevant times herein, Defendant OFFICE DEPOT, LLC (hereinafter the "OFFICE DEPOT") is a foreign limited-liability company, duly organized, authorized and conducting business in the County of Clark, State of Nevada.

5. Upon information and belief, Defendant DOE EMPLOYEES is and was, at all times relevant to these proceedings, a resident of Clark County, State of Nevada.

6. Upon information and belief, Defendant DOE STORE MANAGERS is and was, at all times relevant to these proceedings, a resident of Clark County, State of Nevada.

7. Defendants, DOES I through X and ROE CORPORATIONS I through X, are sued herein by their fictitious names for the reason that their respective true names are unknown to the Plaintiff at this time. When their true names are ascertained, Plaintiff will ask leave of this court to insert their true names herein, in the place and stead of their fictitious names. That at all times mentioned herein, each of the Defendants were the agent, employee, servant or corporate employer of the other and acting within the scope and purpose of said agency, employment, service or corporate activity. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE or ROE CORPORATION are negligently or otherwise responsible in some manner for anyone of the following:

(a) Parties responsible in some manner for the events and happenings herein referred to that caused injuries and damages proximately thereby to the Plaintiff as herein alleged;

(b) Parties that are the agents, servants, employees and/or contractors of the Defendants, each of them acting within the course and scope of their agency, employment or contract;

(c) Parties that own, lease, manage, operate, secure, inspect, repair, maintain and/or are responsible for the premises referred to hereinafter; and/or

(d) Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, sale, transfer or otherwise the acts, events, circumstances, and happenings complained of herein, and actually and proximately thereby caused Plaintiff to suffer the injuries, damages and expenses herein below alleged.

8. The Plaintiff will ask leave of the Court to amend this Complaint to insert the true

names and capacities of said Defendants, DOES I-X and ROE CORPORATIONS I-XX, inclusive, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join said Defendants in the action.

9. Further, Plaintiff alleges that each of said Defendants were an owner, operator, lessor, lessee, or some other entity responsible for the OFFICE DEPOT and/or employment and supervision of Defendant OFFICE DEPOT employees, agents and assigns who maintained the OFFICE DEPOT premises, located at 9701 S. Eastern Ave, Las Vegas, Nevada 89183, on or before November 23, 2018.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff repeats and realleges paragraphs 1 through 7 as if fully set forth herein and incorporates the same herein by this reference.

11. On or about November 23, 2018, Plaintiff, SAMUEL, acting in the scope of his employment for Heartland Express, was a business visitor at Defendant OFFICE DEPOT.

12. At said time and place, Plaintiff, SAMUEL, backed up his work truck to the loading dock to unload a palette. A manager working for Defendant OFFICE DEPOT put a piece of plywood to cover the gap between the dock and Plaintiff's truck.

13. At said time and place, Plaintiff SAMUEL and an employee of Defendant OFFICE DEPOT was transporting the palette of supplies when the plywood got stuck on the palette. When the equipment carrying the palette came free, Plaintiff fell backwards.

## GENERAL ALLEGATIONS

14. Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

15. At all times mentioned herein, particularly on or about November 23, 2018, the Defendants owned, operated, controlled and maintained the property located at 9701 S. Eastern Ave, Las Vegas, Nevada 89183, commonly known as OFFICE DEPOT.

16. On or about November 23, 2018, Plaintiff was a business visitor of OFFICE DEPOT.

17. During the scope of his employment Plaintiff SAMUEL was injured on the premises of OFFICE DEPOT.

18. SAMUEL was unloading a palette across plywood, the equipment carrying the palette got stuck on the plywood and without warning, it came free and Plaintiff fell backwards due to a hazardous condition on the loading dock of OFFICE DEPOT.

19. Neither DOE EMPLOYEE or DOE MANAGER informed the Plaintiff of the hazardous condition created by the plywood.

20. Defendants are responsible for Plaintiff's injuries as the owners of the OFFICE DEPOT within which Plaintiff was injured, because they and/or their agents failed to properly inspect, maintain and otherwise ensure that the condition of the premises did not injure invitees or workers.

21. That Defendants, and each of them, had a duty and breached its duty of care to business invitees of Defendant, and so carelessly and negligently owned, controlled, inspected and maintained the premises in an obstructive and dangerous condition so as to cause injuries to the Plaintiff.

22. As a direct and proximate result of being injured by the hazardous condition of the loading dock of OFFICE DEPOT, SAMUEL sustained great pain of body and mind, including serious and painful physical injuries, as well as shock and injury to his nervous system entailing mental stress, anxiety and anguish, all or some of which conditions may be permanent and disabling in nature, all together Plaintiff's damages in an amount not yet fully ascertained but nevertheless in excess of Fifteen Thousand Dollars ($15,000.00).

23. Plaintiff's injuries prevent him, from being able to fully perform his job, causing lost earnings and other damages.

24. As a result of Plaintiff's injuries, Plaintiff has sustained damages in excess of $15,000.00.

25. Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to reasonable attorneys' fees.

///

## I.

## **FIRST CAUSE OF ACTION**

### *(Negligence)*

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein and incorporates the same herein by reference.

27. On or about November 23, 2018, and at all times relevant hereto, Defendants, including Defendant OFFICE DEPOT, DOE MANAGER, DOE EMPLOYEES and/or its employees, lessees, agents, assigns or others, and each of them, through their actions and/or failures to act, created and/or caused said dangerous condition to exist where business invitees like Plaintiff SAMUEL are working.

28. That Defendants, and each or all of them, had actual or constructive notice thereof prior to Plaintiff's incident, that the loading dock was a dangerous condition, and should have been adequately warned of and remedied prior to Plaintiff's fall. Defendants have a duty to properly and periodically inspect and maintain the loading dock, and to keep them free from unreasonable hazardous conditions, so as to ensure that workers, like Plaintiff, SAMUEL do not get injured.

29. That on or before November 23, 2018, and at all times relevant hereto, the actions and/or failures to act by Defendant OFFICE DEPOT, DOE MANAGER, DOE EMPLOYEES, and/or employees, lessees, agents, assigns or others, and each of them, breached their aforementioned duty resulting in unreasonably dangerous and unprotected areas within and on Defendants' premises, creating an unreasonably dangerous condition for members of the general public, and in particular Plaintiff, who was invited, directed and allowed through public/business invitee areas.

30. The failures of Defendant OFFICE DEPOT, DOE MANAGER, DOE EMPLOYEES, and/or its employees, lessees, agents, assigns or others, and each of them to prevent, correct and/or remove the aforesaid dangerous and unsafe condition(s), or give adequate warning of the foreseeable risk of harm posed thereby, was a breach of the duty of reasonable

care owed by the Defendants, and each of them, under the circumstances to persons invited onto and within its premises, and in particular to Plaintiff herein.

31. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant OFFICE DEPOT, DOE MANAGER, DOE EMPLOYEES, and/or its employees, lessees, agents, assigns or other, and each of them, Plaintiff fell and sustained great pain of body and mind, including serious and painful physical injuries, as well as shock and injury to his nervous system entailing mental stress, anxiety and anguish, all or some of which conditions may be permanent and disabling in nature.

32. As a direct and proximate result of the aforesaid dangerous condition and the Defendants' breach of the duty of reasonable care through the negligence, carelessness and recklessness of Defendants, and/or its employees, lessees, agents, assigns or other, and each of them, Plaintiff was injured in his health, strength and activity, sustaining shock and injury to his body, nervous system and person, all of which have caused, and will continue to cause, the Plaintiff physical, and mental pain and suffering.

33. That as a direct and proximate result of the negligence, carelessness and recklessness of Defendant OFFICE DEPOT, DOE MANAGER, DOE EMPLOYEES, and/or its employees, lessees, agents, assigns, or other, and each of them, Plaintiff has incurred medical expenses and other special damages and loss of enjoyment of life, and anticipates that she will incur future medical expenses, all together Plaintiff damages are in an amount not yet fully ascertained but nevertheless are in excess of Fifteen Thousand Dollars ($15,000.00).

34. That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and he is therefore entitled to recover reasonable attorney's fees plus costs of suit.

WHEREFORE, Plaintiff prays for judgment as set forth in his Prayer for Relief.

## II.

## SECOND CAUSE OF ACTION

*(Negligence - Premises Liability)*

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein and are incorporated by reference.

36. That on or about November 23, 2018, and for some time prior thereto, Defendant, and each of them, by and through their authorized agents, servants, and employees, acting within the course and scope of their employment, negligently and carelessly owned, maintained, operated, occupied, and controlled the subject property in that they failed to inspect, maintain, and warn of the dangerous conditions, creating dangerous and hazardous conditions for the guests and business invitees of the Defendant and more particularly to Plaintiff SAMUEL; and thereafter Defendants, each and every one of them permitted, allowed and caused said unsafe condition to be created and to remain even though Defendants knew or, through the exercise of ordinary care and diligence, should have known, that the loading dock presented a dangerous condition; Defendant, and their agents, servants and/or employees, and each of the Defendants, failed to maintain, inspect the subject loading dock in question, on the property; and Defendants and their agents, servants and/or employees and each of the Defendants, negligently, carelessly and recklessly failed to inspect the loading dock in question on the property and correct said condition, or warn Plaintiff of the dangerous and hazardous condition thereon.

37. That the Defendants, each and every one of them, breached their said duty to Plaintiff SAMUEL by creating a dangerous condition, by not providing warning of a known condition, and by failing to alert its guests and invitees, such as Plaintiff of this dangerous condition, and otherwise exercise reasonable care for his protection.

38. That the Defendants had a duty to maintain the property in such a manner as to provide a safe environment for their business invitee.

39. Plaintiff asserts the doctrine of res ipsa loquitor as applicable to the allegations made herein.

40. That as a direct and proximate result of the aforesaid negligence of the Defendants, and each of them, Plaintiff suffered injuries and has sustained damages in an excess of $15,000.00.

41. As a further direct and proximate result, Plaintiff incurred expenses for medical care and treatment in an amount in an excess of $15,000.00 in an amount to be ascertained at trial and will incur expenses for medical care and treatment in the future in an amount to be ascertained at trial.

42. That Plaintiff has been forced to retain the services of an attorney to represent his in this action, and as such is entitled to reasonable attorney's fees and costs.

WHEREFORE, Plaintiff seeks damages as hereinafter set forth in the prayer for relief.

### III.

### THIRD CAUSE OF ACTION

*(Res Ipsa Loquitor)*

43. Plaintiff repeats and realleges paragraphs 1 through 42 as if fully set forth herein and are incorporated by reference.

44. The subject incident would not ordinarily occur in the absence of negligence.

45. The subject incident was caused by an agency or instrumentality over which Defendants had the exclusive right of control originally, and which was not mishandled or otherwise changed after Defendants relinquished control.

46. Defendants had superior knowledge of or were in a better position to anticipate and guard against the cause of the incident.

47. That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and she is entitled to recover reasonable attorney's fees plus costs of suit.

WHEREFORE, Plaintiff seeks damages as hereinafter set forth in the prayer for relief.

### V.

### FIFTH CAUSE OF ACTION

*(Respondent Superior/Vicarious Liability)*

48. Plaintiff repeats and realleges paragraphs 1 through 47 as if fully set forth herein and are incorporated by reference.

49. That at such time and place, Defendants' employees, lessees, agents, or assigns recklessly carelessly and negligently owned, controlled, inspected and maintained the premises

in an obstructive and dangerous condition, by allowing dangerous conditions to accumulate, exist and lie within an area utilized by its invitees, members of the general public and, in particular, the Plaintiff herein, and by not preventing the dangerous condition through maintaining the loading docks from hazards. Moreover, Defendant's failure of laying or posting warning signs, or other caution signs/devices, thereby creating a non-obvious, dangerous condition that the Defendants, and each of them, knew or should have known was unreasonably dangerous to its store invitees, members of the general public, and in particular the Plaintiff herein.

50.  That at such time and place, Defendants' employees, lessees, agents, or assigns negligently, carelessly and recklessly created said hazardous and/or dangerous condition by inadequately and improperly inspecting and maintaining the premises free from hazardous conditions which Plaintiff fell due to the broken loading dock, thereby creating a dangerous condition thereupon, a condition that Defendants, and each of them, knew or should have known was unreasonably dangerous to members of the general public, and in particular the Plaintiff herein.

51.  That Defendants are vicariously liable for any and all actions or inactions of their employees, lessees, agents, or assigns, performed while in the scope of their agency and/or employment with Defendants, through the legal doctrine of Respondent Superior.

52.  That as a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and/or their employees, lessees, agents, or assigns, Plaintiff has incurred medical expenses, probable future medical expenses, and other special damages and loss of enjoyment of life, all together Plaintiff's damages are in an amount in excess of $15,000.00.

53.  That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and she is entitled to recover reasonable attorney's fees plus costs of suit.

WHEREFORE, Plaintiff seeks damages as hereinafter set forth in the prayer for relief.

## VI.
## SIXTH CAUSE OF ACTION
*(Negligent Hiring, Negligent Retention, and/or Negligent Supervision)*

54. Plaintiff repeats and realleges paragraphs 1 through 53 as if fully set forth herein and are incorporated by reference.

55. That on November 23, 2018, and at all times prior, Defendants had a duty of care to maintaining the subject premises, and in selecting those charged with the task of securing, maintain and inspect the same of the premises so as to keep it free from hazardous conditions. Defendant's failed to hire, train, and supervise all employees and agents to ensure that they properly maintained the subject premises so as to prevent non-obvious, dangerous conditions from existing on and in the loading dock.

56. That at all times pertinent hereto, and particularly on November 23, 2018, Defendants failed and/or breached their above-referenced duties including proper training, supervision, and retention of their employees and agents, particularly the employees responsible for the maintenance of the subject loading dock of OFFICE DEPOT in the County of Clark, State of Nevada.

57. That as a direct and proximate result of said acts and/or failures, Plaintiff was injured in his health, strength and activity and sustained injury and other damages, thereby incurring medical expenses, probable future medical expenses, and other special damages and loss of enjoyment of life, all together Plaintiff's damages are in an amount in an excess of $15,000.00.

58. That Plaintiff has been required to obtain the services of an attorney in order to prosecute this action, and he is entitled to recover reasonable attorney's fees plus costs of suit.

WHEREFORE, Plaintiff seeks damages as hereinafter set forth in the prayer for relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint at the time of trial of the action to include all items of damage not yet ascertained and for any causes of action which discovery may so provide, demands judgment against Defendants as follows:

1. For a sum in excess of $15,000 as and for past and future medical expenses and wage loss;

2. For a sum in excess of $15,000 as and for general damages for pain, suffering, mental distress, anguish and fear;

3. For pre-judgment and post-judgment interest;

4. For reasonable attorney's fees plus costs of suit; and

5. For such other and further relief as the court may deem just and proper in the premises.

DATED this 13 day of October, 2020.

**ERIC ROY LAW FIRM**

Eric Roy, Esq.
Nevada Bar No. 11869
Michael T. Nixon, Esq.
Nevada Bar No. 12839
703 South Eighth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*