**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMUEL JENKINS,<br><br>　　　　Plaintiff<br><br>v.<br><br>OFFICE DEPOT, LLC,<br><br>　　　　Defendant | Case No.: 2:21-cv-00204-APG-NJK<br><br>**Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction** |

　　　　Defendant Office Depot, Inc. removed this action on the basis of diversity jurisdiction. ECF No. 1. However, the defendant's notice of removal is confusing and not properly supported. The named defendant in the complaint is Office Depot, LLC, not Office Depot, Inc. If the defendant is a limited liability company, then it must identify the citizenship of each of its members to show complete diversity. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). If the defendant is a corporation, it has not provided evidence of its citizenship because the attached Securities and Exchange Commission filing is for a company called The Home Depot, Inc., not Office Depot, Inc. *See* ECF No. 1-4. As the party seeking to invoke this court's jurisdiction, the defendant bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

　　　　I THEREFORE ORDER that by March 2, 2021, the defendant shall show cause in writing why this action should not be remanded for lack of subject matter jurisdiction. If the defendant does not file a response to this order by that date, the case will be remanded. The plaintiff may file a response by March 12, 2021.

DATED this 5th day of February, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　ANDREW P. GORDON
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE